IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FARRON ROBERT DEERLEADER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 20-CV-172-JED-FHM |
| | ) |
| SCOTT CROW, Director, | ) |
| | ) |
| Respondent. | ) |

**BRIEF IN SUPPORT OF MOTION TO STAY FEDERAL HABEAS PROCEEDINGS FOR PETITIONER TO RE-EXHAUST HIS *MURPHY* CLAIM IN STATE COURT IN LIGHT OF THE UNITED STATES SUPREME COURT'S DECISION IN *MCGIRT V. OKLAHOMA*, 140 S. Ct. 2452  (2020)**

COMES NOW Respondent, by and through the Attorney General of the State of Oklahoma, Mike Hunter, and moves this Court to stay the pending habeas corpus proceedings to require Petitioner to re-exhaust his *Murphy* claim in the Oklahoma Court of Criminal Appeals ("OCCA") in light of the United States Supreme Court's ruling in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020).

In *McGirt*, the Supreme Court held that, for purposes of the Major Crimes Act, 18 U.S.C. § 1153, the Creek Nation's Reservation has not been disestablished. Although *McGirt* was simply an application of *Solem v. Bartlett*, 465 U.S. 463 (1984), the opinion still represents a significant change in the precedent binding on Oklahoma state courts, as the OCCA had previously held that the Creek Reservation had been disestablished, *see Murphy v. State*, 124 P.3d 1198, 1208 (Okla. Crim. App. 2005). Indeed, it appears that for decades no court held that the Creek Reservation was still in existence until the Tenth Circuit concluded it had not been disestablished and granted habeas relief in *Murphy*. *See Murphy v. Royal*, 875 F.3d 896, 937 (10th Cir. 2017). The Supreme Court granted certiorari in *Murphy*, and that litigation was pending in the Supreme Court until the

Court summarily affirmed on the same day it decided *McGirt*. *See Sharp v. Murphy*, 140 S. Ct. 2412 (2020) (affirming "for the reasons stated in *McGirt* . . . ."). Here, Petitioner claims that he is a member of the Muscogee (Creek) Nation and that his crimes occurred within the boundaries of the Creek Reservation.[1] As will be shown below, this significant change in Oklahoma's precedent warrants re-exhaustion of Petitioner's *Murphy* claim in the state courts post-*McGirt*.

**A. Procedural History**

On March 22, 2017, a jury of his peers found Petitioner guilty of the crimes of Second Degree Burglary After Former Conviction of Two or More Felonies, in violation of Okla. Stat. tit. 21, § 1435 (Count 1), and Larceny of an Automobile After Former Conviction of Two or More Felonies, in violation of Okla. Stat. tit. 21, § 991f (Count 2), after a trial in Creek County District Court Case No. CF-2016-319, before the Honorable Douglas W. Golden, District Judge, at which Petitioner was represented by counsel. Exhibit 1, Judgment and Sentence, p. 1. The jury recommended a sentence of forty-five years on each count, and the state district court sentenced Petitioner according to the jury's recommendation and ran the counts consecutively. *Id.*

On direct appeal, in OCCA Case No. F-2017-563, Petitioner raised three propositions of error: (1) the state presented insufficient evidence to convict him of Second Degree Burglary beyond a reasonable doubt; (2) the state presented insufficient evidence to convict him of Larceny of an Automobile beyond a reasonable doubt; and (3) the sentences were excessive under the facts and circumstances of his case. Exhibit 2, OCCA Direct Appeal Opinion, p. 2. The OCCA affirmed Petitioner's convictions and sentences on August 16, 2018. *Id.*, p. 1. In Propositions 1 & 2, the

---

[1] Indeed, it appears that Creek County falls wholly within the boundaries of the Muskogee (Creek) Nation, and the membership documents he has provided, if valid, would establish the claim he makes.

OCCA found that the evidence was sufficient to sustain the convictions on both counts. *Id.*, p. 2 In Proposition 3, the OCCA found that the sentences were not shockingly excessive. *Id.*, pp. 2–3.

On July 2, 2019, Petitioner filed an application for post-conviction relief in Creek County District Court. The state district court denied that application on November 18, 2019. Petitioner appealed the state district court's denial of post-conviction relief to the OCCA, Petitioner argued (1) that the evidence against him was insufficient, (2) trial counsel was ineffective, (3) appellate counsel was ineffective, and (4) the state lacked jurisdiction over him because he is an Indian who committed his crime in Indian Country. Exhibit 3, OCCA PC Opinion, pp. 2–4. On March 17, 2020, the OCCA rejected Petitioner's appeal. The OCCA procedurally barred his sufficiency of the evidence and ineffective assistance of trial counsel claims because they were or could have been raised on direct appeal. *Id.*, pp. 2–3. Next, the OCCA found that Petitioner had failed to prove either that appellate counsel's performance was constitutionally deficient or that counsel's performance prejudiced Petitioner. *Id.*, p. 3. Finally, the OCCA found that Petitioner had presented no controlling authority which established that the state district court lacked jurisdiction over him. *Id.*, pp. 3–4.

On April 27, 2020, Petitioner filed the instant Petition for a Writ of Habeas Corpus. Doc. 1, p. 1. In this Petition, Petitioner asserts six grounds for relief: (1) the evidence was not sufficient to convict him of second degree burglary; (2) the evidence was not sufficient to convict him of larceny of an automobile; (3) his sentences are excessive and should be modified; (4) the state lacks jurisdiction to prosecute him for his crime because he is an Indian who committed his crime in Indian Country; (5) he received ineffective assistance of trial counsel; and (6) he received ineffective assistance of appellate counsel.

### B. Argument and Authority

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas petitioner must completely exhaust all state remedies before he is entitled to habeas corpus relief in federal court. 28 U.S.C. § 2254(b)(1). The exhaustion rule "ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001). "This requirement 'is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.'" *Id*. at 179 (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)). The exhaustion rule is also a matter of comity as "'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity [for] the state courts to correct a constitutional violation.'" *Duncan*, 533 U.S. at 179 (quoting *Rose*, 455 U.S. at 518).

In certain circumstances, intervening changes in law may necessitate re-exhaustion of a claim in state court before federal review of the claim. *Drennon v. Hess*, 642 F.2d 1204 (10th Cir. 1981). *See also Gomez v. Dretke*, 422 F.3d 264, 266 (5th Cir. 2005) ("Indeed, the Supreme Court has intimated that perhaps an 'intervening change in federal law cast[ing a] legal issue in a fundamentally different light' might make necessary the re-exhaustion of state court remedies before seeking federal review. *See Picard v. Connor,* 404 U.S. 270, 276 (1971) (citing *Blair v. California,* 340 F.2d 741, 744 (9th Cir.1965)).").

In *Drennon*, the Tenth Circuit was presented with a petitioner who had been sentenced under a recidivism sentencing statute subsequently found to be unconstitutional by the OCCA. *Drennon*, 642 F.2d at 1205. In light of unconstitutionality of the statute, on direct appeal, the OCCA favorably modified the petitioner's sentence. *Id*. at 1205. On federal habeas review, the

4

petitioner challenged the modification of his sentence on the basis that the court, not a jury, imposed his sentence and the jury had relied upon the unconstitutional recidivism statute. *Id*. To resolve the petitioner's claim, the Tenth Circuit found, "[T]he federal district court must stay its hand to give the courts of Oklahoma the opportunity to correct alleged violations of federal rights." *Id*. The Court explained, "Remanding a case to the state court 'is particularly appropriate where, as here, the federal constitutional claim arises from the alleged deprivation by state courts of rights created under state law.'" *Drennon*, 642 F.2d at 1205 (*quoting Mabry v. Klimas*, 448 U.S. 444, 447 (1980)). Importantly, the Tenth Circuit held:

> Where supervening case law creates theories not available at the time state remedies were initially exhausted, state remedies must be re-exhausted to test the effect of the supervening authority before habeas corpus relief may be considered. **Where the supervening authority comes down after the filing of a habeas corpus petition, the proper course for the district court is to remand the case to the state system.**

*Id*., 642 F.2d at 1205 (emphasis added). *See also Gomez*, 422 F.3d at 266 (finding although the petitioner had exhausted his claim in state court, re-exhaustion of the claim in state court before federal review was necessary in light of decision by the International Court of Justice and a presidential directive).

Again, in *Crisp v. Mayabb*, 668 F.2d 1127, 1132 (10th Cir. 1981), the Tenth Circuit reiterated that intervening changes in law could necessitate re-exhaustion of a claim in state court before federal review of the claim.

> We recognize that in certain circumstances, a supervening change in applicable law does require that re-exhaustion of state remedies occur before a federal court may act upon a habeas petition of a state prisoner. Thus, a supervening change in federal substantive law requires the state courts to be given an opportunity to consider a petitioner's contention in the light of such changes. *Drennon v. Hess*, 642 F.2d 1204 (10th Cir. 1981); *Franklin v. Conway*, 546 F.2d 579 (4th Cir. 1976); *James v. Copinger*, 428 F.2d 235 (4th Cir. 1970).

*Id.*[2]

In this case, due to the supervening change in federal law announced in *McGirt* on July 9, 2020, by the United State Supreme Court, Petitioner should be required to return to state court to re-exhaust his *Murphy*/*McGirt* claim as the OCCA was not given a full and fair opportunity to resolve the claim. It is necessary in the interest of comity that this Court stay the pending habeas proceedings so that Petitioner may re-exhaust his *Murphy* claims in state court before seeking review from this Court. Remand of this claim to the OCCA would further the purpose of the exhaustion rule in § 2254(d)(1) as this Court would be allowing the OCCA a full opportunity to resolve the *Murphy* claims in light of the Supreme Court's decision in *McGirt* before this Court entertained a collateral attack upon such claims. *See Duncan*, 533 U.S. at 178-179 ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment."). Accordingly, Respondent respectfully asks this Court to stay the pending habeas proceeding pending Petitioner's re-exhaustion of his *Murphy* claim in state court.[3]

---

[2] In contrast, an intervening change in "state substantive law" does not generally give rise to a re-exhaustion requirement. *Crisp*, 668 F.2d at 1133. Here, however, where *McGirt* held that the Creek Reservation has not been disestablished for purposes of a federal statute, the Major Crimes Act, re-exhaustion is required.

[3] As previously noted, the *Drennon* Court discussed the necessity of re-exhaustion in the situation where "supervening case law creates theories not available at the time state remedies were initially exhausted." *Drennon*, 642 F.2d at 1980. To be clear, Respondent does not suggest that *McGirt* has created a new theory of relief—to the contrary, challenges to the State's jurisdiction under the Major Crimes Act and *Solem* have been available for decades. However, the reasoning of *Drennon* and the previously discussed cases overall—that certain intervening changes in law, especially where the law could warrant relief, should be applied by the state court in the first instance—is nonetheless applicable here. While *McGirt* did not establish a new rule or right, and Indian Country claims were previously available, it is certainly the case that *McGirt* casts the merits of Petitioner's jurisdictional claim "in a fundamentally different light," *Gomez*, 422 F.3d at 266, given that

Respondent acknowledges the unusual circumstances; however, this request is not being made for the purpose of delay and is warranted for three reasons.

First, a stay is necessary in the interest of comity. As described above, a state court should have the first opportunity to grant relief based on an alleged constitutional violation before a federal court might do so. *See Duncan*, 533 U.S. at 179 ("'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity [for] the state courts to correct a constitutional violation.'" (quoting *Rose*, 455 U.S. at 518)); *Drennon*, 642 F.2d at 1205 ("[T]he federal district court must stay its hand to give the courts of Oklahoma the opportunity to correct alleged violations of federal rights."). Here, the state courts considered Petitioner's *Murphy* claims pre-*McGirt*—a decision that, as discussed above, represented a significant change to the OCCA's precedent, as it had previously held the Creek Reservation was disestablished, and upset decades of settled beliefs and expectations regarding the scope of the State's jurisdiction in Oklahoma. *See McGirt*, 140 S. Ct. at 2499 (Roberts, C.J., dissenting) ("[F]or 113 years, Oklahoma has asserted jurisdiction over the former Indian Territory on the understanding that it is not a reservation, without any objection by the Five Tribes until recently (or by McGirt for the first 20 years after his convictions)."). Whatever the ultimate merits

---

*McGirt* upset long-settled expectations within this state, *see McGirt*, 140 S. Ct. at 2480-81 (addressing the dissent's argument that the Court's decision upsets "'more than a century [of] settled understanding'") (quoting *McGirt*, 140 S. Ct. at 2502 (Roberts, C.J., dissenting)) (alteration adopted). While *McGirt* did not change the law, and it merely applied existing law to the Creek Reservation, it reached a conclusion inconsistent with what has been assumed about Oklahoma since statehood. This seismic shift in *everyone's* understanding about the scope of the State's jurisdiction brings this case within the class of cases contemplated by *Drennon* when it discussed re-exhaustion. *See McGirt*, 140 S. Ct. at 2399 (Roberts, C.J., dissenting) ("[F]or 113 years, Oklahoma has asserted jurisdiction over the former Indian Territory on the understanding that it is not a reservation without any objection by the Five Tribes until recently . . . .").

of Petitioner's claims—and Respondent does not necessarily concede that they have merit[4]—the Oklahoma state courts must be the first to make that determination and have the opportunity to grant relief if such is warranted.

Second, relatedly, it would be a waste of judicial resources for this Court to pass on a *Murphy* claim that might garner Petitioner relief in state court. Indeed, an Oklahoma federal district court just recently stayed a habeas action to allow a petitioner to exhaust his *Murphy* claim in the state courts. *See* Administrative Closing Order, *Bethel v. Crow*, Case No. 4:17-cv-367-GKF-FHM (N.D. Okla. Aug. 4, 2020) (unpublished and attached as Exhibit 4).[5] Granted, in *Bethel*, the petitioner requested the stay and had already pending in state court a *Murphy* claim. However, the *Bethel* court's reasoning is equally applicable here:

> [I]t would be a waste of judicial resources for this Court to adjudicate the pending federal habeas petition if petitioner succeeds in having his underlying state-court judgment vacated through state postconviction proceedings. *See Landix v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (noting that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

*Id.* at 2–3. In this case, as already shown, comity demands that Petitioner's *Murphy* claims be sent back to the state courts; and given that same could potentially gain him relief, judicial economy counsels in favor of this Court staying its hand.

Third, to date, the OCCA has not truly been presented a full and fair opportunity to decide Petitioner's *Murphy* claims. At the time the OCCA entertained Petitioner's post-conviction appeal

---

[4] Respondent would note that he is still in the process of verifying the authenticity of Petitioner's tribal membership documents with the Tribe. But, assuming he is a tribal member and falls within the scope of *McGirt*, the state courts should have the opportunity to correct that jurisdictional error in the first instance.

[5] All unpublished decisions cited for persuasive value only pursuant to Fed. R. App. P. 32.1 and 10th Cir. R. 32.1(A).

and the *Murphy* claim as raised in Ground Four of his habeas petition, the *Murphy/McGirt* litigation was still pending. Due to the pending litigation, although the OCCA admittedly denied Petitioner's *Murphy* claim on its merits, the claim was governed by the OCCA's previous ruling in *Murphy v. State*, where the OCCA held that the Creek Nation had been disestablished. *See* 124 P.3d 1198, 1207–08 (2005). Although not directly cited below, this holding was binding as a matter of state law on both the state district court and the OCCA unless and until it was overruled by the OCCA or the United States Supreme Court. Now that *McGirt* has been decided, and *Murphy v. State* has been expressly overruled, the OCCA should be afforded a full and fair opportunity to address Petitioner's *Murphy* claim. In fact, there are a number of issues left unsettled by *McGirt* that the OCCA should have the opportunity to address in the first instance. Indeed, on August 4, 2020, upon order of the OCCA, the Office of the Oklahoma Attorney General filed with the OCCA its first post-*McGirt* brief, in which, among other things, the State requested guidance on the following issues post-*McGirt*:

> [H]ow Indian status is determined for Indian Country jurisdictional claims, which party bears the burden of proof as to such claims, whether the State has concurrent jurisdiction over crimes committed by non-Indians against Indians, and whether an evidentiary hearing is necessary where a reservation of any other Tribe besides the Creek's is involved.

*See* Exhibit 5 – *Bosse v. State*, No. PCD-2019-124 (Okla. Crim. App.) – Resp. to Pet'rs Proposition I In Light of the U.S. Supreme Court's Decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). Moreover, it is clear the OCCA is giving *Murphy/McGirt* claims full consideration in light of *McGirt*, given that, as of the date of this writing, the OCCA has ordered supplemental briefing in three cases beyond *Bosse* and has remanded more than twenty cases for evidentiary hearings on the merits of *Murphy/McGirt* claims. Clearly, the OCCA is currently considering the impact of the *McGirt* decision, deciding how to resolve the relevant issues at stake under *McGirt*, and giving

9

*Murphy*/*McGirt* claims full consideration in light of *McGirt*. The OCCA should be permitted the opportunity to do so in this case as well.

For these reasons, it is necessary in the interest of comity that this Court stay the pending habeas proceedings so that Petitioner may re-exhaust his *Murphy* claim in state court before seeking review from this Court. Remand of this claim to the OCCA would further the purpose of the exhaustion rule in § 2254(d)(1) as this Court would be allowing the OCCA a full opportunity to resolve the *Murphy* claim before this Court entertained a collateral attack upon such claim. *See Duncan*, 533 U.S. at 178-179 ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment."). Accordingly, Respondent respectfully asks this Court to stay the pending habeas proceeding pending Petitioner's re-exhaustion of his *Murphy* claim in state court.

As a final matter, should this Court deny Respondent's requests for a stay and to order Petitioner to re-exhaust his *Murphy* claim in state court, Respondent respectfully requests the opportunity to file a response to Petitioner's claims. Federal District Courts in Oklahoma routinely allow the State to file a merits response after a preliminary procedural motion is denied. *See, e.g.*, *Marshall v. Jones*, 639 F. Supp. 2d 1240, 1244 (N.D. Okla. 2009); *Bryant v. Dowling*, No. 17-CV-468-CVE-JFJ, 2019 WL 3304812, *1 (N.D. Okla. Jul. 23, 2019) (unpublished); *Paulson v. Dowling*, No. 17-CV-0568-CVE-JFJ, 2018 WL 3596040, at *3 (N.D. Okla. July 26, 2018) (unpublished); *Hall v. Allbaugh*, No. CIV-15-203-M, 2016 WL 1305945, at *7 (W.D. Okla. Feb. 18, 2016), *report and recommendation adopted*, No. CIV-15-203-M, 2016 WL 1268309 (W.D. Okla. Mar. 31, 2016) (unpublished); *Hackett v. Farris*, No. 11-CV-322-GKF-TLW, 2014 WL 4825263, at *3 (N.D. Okla. Sept. 25, 2014) (unpublished); *Robinson v. Patton*, No. CIV-14-0548-

HE, 2014 WL 3865388, at *1 (W.D. Okla. Aug. 5, 2014) (unpublished). Here, too, Respondent respectfully asks that, if this motion for stay is denied, Respondent is given the opportunity to file an answer to Petitioner's claims.

WHEREFORE, Respondent respectfully requests this Court to order Petitioner to re-exhaust his *Murphy* claim in state court in light of *McGirt* and stay this habeas action.

Respectfully submitted,

**MIKE HUNTER**
**ATTORNEY GENERAL OF OKLAHOMA**

**s/ CAROLINE E.J. HUNT**
**CAROLINE E.J. HUNT, OBA #32635**
**ASSISTANT ATTORNEY GENERAL**
313 N.E. 21st Street
Oklahoma City, OK 73105
(405) 521-3921
(405) 522-4534 (FAX)
fhc.docket@oag.ok.gov

**ATTORNEYS FOR RESPONDENT**

### CERTIFICATE OF SERVICE

**X**   I hereby certify that on August 24, 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.

**X**   I hereby certify that on August 24, 2020, I served the attached document by mail on the following, who is not a registered participant of the ECF System:

Farron Robert Deerleader, #207468
Davis Correctional Facility
6888 East 133rd Road
Holdenville, OK 74848

**s/ Caroline E.J. Hunt**