**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **FARRON ROBERT DEERLEADER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 20-CV-0172-JED-CDL** |
| | ) | |
| **SCOTT CROW, Director of the Oklahoma Department of Corrections,** | ) | |
| | ) | |
| | ) | |
| **Respondent.** | ) | |

**OPINION AND ORDER**

Before the Court is the 28 U.S.C. § 2254 petition for writ of habeas corpus (Doc. 1) filed by Petitioner Farron Robert Deerleader, a state inmate appearing *pro se*. On review of the petition, the limited response (Doc. 16), and applicable law, the Court finds that Deerleader is entitled to federal habeas relief on his claim that the State of Oklahoma lacked jurisdiction to enter a criminal judgment against him in the District Court of Creek County, Case No. CF-2016-319, because he is Native American and he committed the crimes for which he was convicted within the boundaries of the Muscogee (Creek) Nation Reservation. The Court therefore grants the petition, in part, as to claim four, dismisses the petition, in part, as to the remaining claims, and directs Respondent to **immediately release Deerleader from state custody**.

**I.**

Deerleader challenges the judgment and sentence entered against him in the District Court of Creek County, Case No. CF-2016-319. Doc. 1, at 1. Following a trial, the jury found Deerleader guilty of second-degree burglary, in violation of Okla. Stat. tit. 21, § 1435, and larceny of an automobile, in violation of Okla. Stat. tit. 21, § 1720, both after former conviction of two or more felonies, and recommended a 45-year prison sentence for each conviction, a $10,000 fine for the

burglary conviction, and a $50,000 fine for the larceny conviction. Doc. 16-2, at 1. On May 25, 2017, the trial court sentenced Deerleader accordingly and ordered the sentences to be served consecutively, resulting in a sentence of 90 years' imprisonment. Doc. 16-2, at 1-2. The trial court entered a written judgment and sentence against Deerleader on June 5, 2017. Doc. 16-1, at 1. Represented by counsel, Deerleader filed a direct appeal in the Oklahoma Court of Criminal Appeals (OCCA), challenging the sufficiency of the evidence to support his convictions and the length of his sentences. Doc. 16-2, at 2. In an unpublished summary opinion filed August 16, 2018, in Case No. F-2017-563, the OCCA affirmed his judgment and sentence. Doc. 16-2, at 1-3.

Proceeding *pro se*, Deerleader applied for postconviction relief in state district court on July 2, 2019. Doc. 16-4, at 1. Deerleader claimed (1) the State of Oklahoma lacked jurisdiction over his criminal prosecution because he is Native American and a member and citizen of the Muscogee (Creek) Nation and he committed his crimes of conviction within the historical boundaries of the Muscogee (Creek) Nation Reservation, (2) trial counsel rendered ineffective assistance, and (3) appellate counsel rendered ineffective assistance. Doc. 16-4, at 2-7.

In support of his challenge to the State's jurisdiction, Deerleader alleged (1) he is Native American and a member of the Muscogee (Creek) Nation, and (2) he was arrested in Kiefer, Oklahoma and held in the Creek County Jail on charges of burglarizing, and stealing a car from, a home in Mounds, Oklahoma which, he argued, "is located within the 1866 Territorial Boundaries of the Muscogee (Creek) Nation which is defined as Indian Country under Title 18 U.S.C.

§ 1151."[1] Doc. 16-4, at 2. He further argued that the lands within these boundaries "have historically been considered Indian country, and Congress has done nothing to divest these lands of their character as Indian country." Doc. 16-4, at 3. With his application, Deerleader submitted (1) a letter from the Muscogee (Creek) Nation Citizenship Board certifying that he has been an enrolled member of the Muscogee (Creek) Nation since August 1, 1990, and that his "Degree of Muscogee (Creek) blood" is 7/16, Doc. 16-4, at 8, and (2) a copy of his Certificate of Degree of Indian Blood (CDIB) card from the United States Department of the Interior Bureau of Indian Affairs, dated July 20, 1992, certifying that he "is 7/16 degree Indian Blood of the Creek Tribe," Doc. 16-4, at 9. As legal support for his jurisdictional claim, Deerleader cited *State v. Klindt*, 782 P.2d 401 (Okla. Crim. App. 1989), and *Indian Country, U.S.A., Inc. v. Oklahoma* ex rel. *Okla. Tax Comm'n*, 829 F.2d 967 (10th Cir. 1987).[2] Doc. 16-4, at 2-3. After the State filed a response in opposition to his application for postconviction relief, Deerleader filed a reply brief and submitted a copy of a map from the Muscogee (Creek) Nation Geospatial Department showing that Creek County, Oklahoma falls entirely within Muscogee (Creek) Nation "Territory." Doc. 16-5, at 4.

---

[1] 18 U.S.C. § 1151 provides: "Except as otherwise provided in sections 1154 and 1156 of this title, the term "Indian country", as used in this chapter, means (a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent, and, including rights-of-way running through the reservation, (b) all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof, and whether within or without the limits of a state, and (c) all Indian allotments, the Indian titles to which have not been extinguished, including rights-of-way running through the same."

[2] In *Klindt*, the OCCA concluded that "the State of Oklahoma does not have jurisdiction over crimes committed by or against an Indian in Indian Country." *Klindt*, 782 P.2d at 403. In *Indian Country U.S.A.*, the United States Court of Appeals for the Tenth Circuit cited *Solem v. Bartlett*, 465 U.S. 463, 465 (1984), and earlier Supreme Court cases for the proposition that "[n]umerous cases confirm the principle that the Indian country classification [in 18 U.S.C. § 1151] is the benchmark for approaching the allocation of federal, tribal, and state authority with respect to Indians and Indian lands." *Indian Country, U.S.A.*, 829 F.2d at 973.

The state district court denied Deerleader's application for postconviction relief on November 18, 2019. Doc. 1, at 35-41. After noting that it had reviewed the "[e]ntire court file," the state district court seemingly found Deerleader's claims were both procedurally barred and without merit. Doc. 1, at 37-40. As relevant here, the state district court rejected Deerleader's claim that the State of Oklahoma lacked jurisdiction, stating,

> Defendant/Petitioner first states the State has no jurisdiction because he is a citizen of the Muscogee (Creek) Nation. Additionally, he adds that the residence of the victim is within the territorial bounds of the Nation. While he does not cite the Murphy case, now pending before the U.S. Supreme Court, he is making similar allegations. Since there is a stay of the decision of the 10th Circuit, this contention is premature.

Doc. 1, at 37-38.[3]

Deerleader timely filed a postconviction appeal, and the OCCA affirmed the denial of his application for postconviction relief on March 17, 2020. Doc. 16-3, at 1. The OCCA understood Deerleader's appeal as raising claims that the evidence was insufficient to support his convictions, that trial counsel and appellate counsel provided ineffective assistance, and "that Oklahoma lacked jurisdiction in this case because he is an Indian and his crimes occurred in Indian Country." Doc. 16-3, at 2-3. The OCCA rejected Deerleader's challenges to the sufficiency of the evidence and trial counsel's effectiveness, finding those "issues either were or could have been raised in his direct appeal and thus the issues are waived or procedurally barred." Doc. 16-3, at 2-3. Applying

---

[3] In November 2017, the United States Court of Appeals concluded, in *Murphy v. Royal*, 875 F.3d 896, 966 (10th Cir. 2017) ("*Murphy I*"), that Congress has not disestablished the Muscogee (Creek) Nation Reservation and, as a result, the land within the boundaries of that reservation is "Indian country" for purposes of the Major Crimes Act, 18 U.S.C. § 1153. Under § 1153, only the federal government has jurisdiction to prosecute certain crimes committed by or against Native Americans within "Indian country." 18 U.S.C. § 1153(a); *see also* 18 U.S.C. § 1152 (providing that certain crimes committed by an "Indian" in "Indian country" are subject to federal and tribal jurisdiction). In 2018, the United States Supreme Court granted a petition for writ of certiorari to review the Tenth Circuit's decision in *Murphy I*. *Sharp v. Murphy*, 138 S. Ct. 2026 (2018).

*Strickland v. Washington*, 466 U.S. 668 (1984), and *Logan v. State*, 293 P.3d 969 (Okla. Crim. App. 2013), the OCCA determined that appellate counsel did not perform deficiently or prejudicially. Doc. 16-3, at 3. The OCCA then rejected Deerleader's jurisdictional claim, stating,

> Petitioner offers nothing other than his own assertions that his crimes were committed within an Indian reservation, a dependent Indian community, or an Indian allotment. He cites no controlling authority which establishes the District Court lacked jurisdiction in this case. *See* Okla. Const. Art. VII, § 7 (Oklahoma shall be divided into judicial districts and the District Court in each judicial district shall have unlimited original jurisdiction of all justiciable matters). This Court finds no sufficient reason to allow Petitioner's ground for relief to be the basis of this application for post-conviction relief.

Doc. 16-3, at 3-4.

**II.**

Deerleader, appearing *pro se*, filed the instant federal habeas petition on April 27, 2020.[4] Doc. 1, at 1. He claims he is entitled to federal habeas relief because the evidence was not sufficient to support his conviction for second degree burglary (claim one), the evidence was not sufficient to support his conviction for larceny of an automobile (claim two), his sentences are excessive (claim three), the State of Oklahoma lacked jurisdiction to prosecute him for crimes he committed within the boundaries of the Muscogee (Creek) Nation Reservation (claim four), he was deprived of his right to the effective assistance of trial counsel (claim five), and he was deprived of his right to the effective assistance of appellate counsel (claim six). Doc. 1, at 5-31.

In July 2020, the United States Supreme Court issued decisions in two cases relevant to Deerleader's claim four—*McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), and *Sharp v. Murphy*, 140

[4] Ordinarily, a state prisoner has one year from the date his or her judgment becomes final on direct review to file a timely federal habeas petition, 28 U.S.C. § 2244(d)(1)(A), and the one-year limitation period is tolled while the prisoner is exhausting his claims through an application for postconviction relief or other collateral review that is properly filed in state court, 28 U.S.C. § 2244(d)(2). Respondent concedes that Deerleader timely filed his petition. Doc. 16, at 2.

S. Ct. 2412 (2020) ("*Murphy II*"). *McGirt* reached the Supreme Court via a petition for writ of certiorari filed by a state prisoner who sought review of the OCCA's decision denying his application for postconviction relief. *See McGirt v. Oklahoma*, 140 S. Ct. 659 (Dec. 13, 2019) (granting petition for writ of certiorari). Like Deerleader and the habeas petitioner in *Murphy I*, the prisoner in *McGirt* claimed that because he is Native American, the State lacked jurisdiction to prosecute him for serious offenses he committed within the boundaries of the Muscogee (Creek) Nation Reservation. *McGirt*, 140 S. Ct. at 2459; *Murphy I*, 875 F.3d at 928. The *McGirt* Court held that because Congress did not disestablish the Muscogee (Creek) Nation Reservation the land within the historical boundaries of that reservation is "Indian country," as defined in 18 U.S.C. § 1151(a), and, as a result, the federal government has exclusive jurisdiction to prosecute certain crimes committed within those boundaries if those crimes are committed by or against Native Americans. *McGirt*, 140 S. Ct. at 2468, 2479-80. Relying on *McGirt*, the Supreme Court in *Murphy II* summarily affirmed the Tenth Circuit's 2017 decision, in *Murphy I*, that had reached the same conclusion. *Murphy II*, 140 S. Ct. at 2412.

On August 24, 2020, Respondent filed a motion (Doc. 11) and supporting brief (Doc. 12) requesting a stay of this habeas action and an order directing Deerleader to return to state court to "re-exhaust" claim four in light of *McGirt*. Deerleader opposed a stay, contending that he fairly presented claim four to the OCCA in his postconviction appeal and should not be required to re-exhaust his claim. Doc. 13, at 2-3. In an opinion and order (Doc. 15) filed December 14, 2020, the Court determined that Deerleader exhausted available state remedies as to claim four, as required by 28 U.S.C. § 2254(b)(1)(A), noted Respondent's acknowledgement that the OCCA had adjudicated that claim on the merits, agreed with Deerleader that re-exhaustion was not necessary, denied Respondent's request for a stay, and directed Respondent to file a limited response

explaining why this Court should not grant Deerleader's request for federal habeas relief on claim four. On January 4, 2021, Respondent filed a limited response (Doc. 16) and submitted portions of the state court record necessary to adjudicate claim four.

**III.**

In claim four Deerleader challenges the legality of his state custody, asserting that the State of Oklahoma lacked jurisdiction to prosecute him for crimes he committed within the boundaries of the Muscogee (Creek) Nation Reservation because he is an enrolled member and citizen of the Muscogee (Creek) Nation. Doc. 1, at 20-23. To support this claim, Deerleader primarily cites *Murphy I*, and, as he did in state court, he provides copies of documents showing that he has been an enrolled member of the Muscogee (Creek) Nation since 1990 and that he is certified as having a certain degree of "Indian blood." Doc. 1, at 21-23. As previously discussed, the OCCA rejected this claim on postconviction appeal, stating:

> Petitioner offers nothing other than his own assertions that his crimes were committed within an Indian reservation, a dependent Indian community, or an Indian allotment. He cites no controlling authority which establishes the District Court lacked jurisdiction in this case. *See* Okla. Const. Art. VII, § 7 (Oklahoma shall be divided into judicial districts and the District Court in each judicial district shall have unlimited original jurisdiction of all justiciable matters). This Court finds no sufficient reason to allow Petitioner's ground for relief to be the basis of this application for post-conviction relief.

Doc. 16-3, at 3-4.

When a petitioner, in custody under a criminal judgment issued by a state, requests federal habeas relief, a federal court may grant relief from that judgment if the petitioner shows that he or she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, when a state court has adjudicated a federal claim on the merits, a federal court may grant habeas relief only if the petitioner first shows that the state court's decision on that federal claim either (1) "was contrary to . . . clearly established Federal law," 28 U.S.C.

§ 2254(d)(1), (2) "involved an unreasonable application of clearly established Federal law," *id.*, or (3) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

Here, Respondent admits, and the Court agrees, that § 2254(d) does not bar habeas relief because the OCCA's decision on Deerleader's jurisdictional claim is contrary to clearly established federal law. Doc. 16, at 4-5. As used in § 2254(d)(1), the phrase "clearly established Federal law" means "the governing legal principle or principles" stated in "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). If clearly established federal law governs the federal claim presented in state court, the state court's decision is contrary to that law if the decision "'applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases.'" *Murphy I*, 875 F.3d at 914 (alteration in original) (quoting *Williams*, 529 U.S. at 405). "If the state court identifies and applies 'the correct legal rule,' its decision will not be 'contrary to' federal law, but the state court's application of the correct rule can still be evaluated under § 2254(d)(1)'s 'unreasonable application' clause." *Id.* (first quoting *Williams*, 529 U.S. at 406, then quoting 28 U.S.C. § 2254(d)(1)).

In *Murphy I*, the Tenth Circuit determined that the clearly established federal law governing the habeas petitioner's jurisdictional claim—a claim identical to the one raised here—is the analytical framework established in *Solem v. Bartlett*, 465 U.S. 463 (1984). *Murphy I*, 875 F.3d at 926-28. And the Tenth Circuit's reasoning as to why the OCCA's 2005 decision that was subject to habeas review in *Murphy I* was "contrary to" clearly established Federal law is equally applicable here because, like the OCCA's 2005 decision, the OCCA's 2020 decision in this case

neither cited nor applied *Solem* when it addressed Deerleader's jurisdictional claim and "the substance of the OCCA's analysis lacks even cursory engagement with any of the three *Solem* factors." *Murphy I*, 875 F.3d at 926. As in *Murphy I*, because the OCCA's decision on Deerleader's jurisdictional claim is contrary to clearly established federal law, § 2254(d) does not bar habeas relief in this case.[5]

As a result, this Court must "decide [Deerleader's] jurisdictional claim de novo." *Murphy I*, 875 F.3d at 928; *see also Milton v. Miller*, 744 F.3d 660, 670-71 (10th Cir. 2014) (explaining that satisfaction of § 2254(d)'s standards "effectively removes AEDPA's prohibition on the issuance of a writ" and "requires [a federal habeas court] to review de novo" the petitioner's claims). And the Court finds ample support for Respondent's position that Deerleader is entitled to federal habeas relief on claim four. Doc. 16, at 5.

First, as Respondent points out, the record supports Deerleader's assertion that he was an "Indian," within the meaning of 18 U.S.C. §§ 1152 and 1153, in 2015 when he committed the crimes for which he was convicted. Because the relevant statutes do not define the term "Indian,"

---

[5] The OCCA recognized Deerleader was asserting a federal claim arising from the State's unlawful exercise of criminal jurisdiction for crimes committed in "Indian country." Doc. 16-3, at 2-4. Specifically, the OCCA began its analysis with a singular and dismissive statement that Deerleader "offers nothing other than his own assertions that his crimes were committed within an Indian reservation, a dependent Indian community, or an Indian allotment." Doc. 16-3, at 3. The Court does not consider the OCCA's isolated statement referring to terms used in 18 U.S.C. § 1151 as sufficient to "identif[y] the correct governing legal principle' in existence at the time." *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011) (quoting *Williams*, 529 U.S. at 413). But even assuming that statement could be so construed, the second clause of § 2254(d) poses no bar to relief because the OCCA unreasonably applied that principle to the facts Deerleader presented in state postconviction proceedings. *See id.* (noting that when a state court identifies the correct legal principle, the only question for the federal habeas court is "whether the decision 'unreasonably applies that principle to the facts of the prisoner's case'" (quoting *Williams*, 362 U.S. at 413)); *see also White v. Woodall*, 572 U.S. 415, 419 (2014) (explaining that an "unreasonable application of" clearly established federal law under § 2254(d)(1) "must be 'objectively unreasonable,' not merely wrong" or clearly erroneous (quoting *Lockyer*, 538 U.S. at 75-76)).

the Tenth Circuit "has applied a two-part test" that "ask[s] whether 'the defendant (1) has some Indian blood; and (2) is recognized as an Indian by a tribe or by the federal government." *United States v. Nowlin*, 555 F. App'x 820, 823 (10th Cir. 2014) (unpublished)[6] (quoting *United States v. Prentiss*, 273 F.3d 1277, 1280 (10th Cir. 2001)); *see also United States v. Zepeda*, 792 F.3d 1103, 1113 (9th Cir. 2015) (en banc) (noting that in a federal prosecution pursuant to § 1153, "the government has the burden of proving to a jury that the defendant was a member of, or affiliated with, a federally recognized tribe at the time of the offense"). Deerleader has provided undisputed evidence that (1) he has been an enrolled member of the Muscogee (Creek) Nation since 1990 and (2) that the federal government has recognized since 1992 that he has 7/16 Creek blood. Doc. 1, at 22-23; Doc. 16, at 6; Doc. 16-4, at 8-9. This evidence demonstrates that Deerleader was an "Indian," under federal law, in 2015 when he committed the crimes for which he was convicted.

Second, the law and the record support that Deerleader committed those crimes in "Indian country," as defined in 18 U.S.C. § 1151(a). Significantly, on de novo review, this Court is not limited to evaluating Deerleader's jurisdictional claim based on clearly established federal law that existed at the time of the OCCA's decision on that claim. *Murphy I*, 875 F.3d at 929. Rather, in reviewing his claim de novo, the Court "must account for Supreme Court and Tenth Circuit authority post-dating the OCCA's decision." *Id.* As Respondent recognizes, in light of *McGirt*, "any land within the [Muscogee (Creek) Nation] reservation is Indian Country within the meaning of §§ 1151 and 1152." Doc. 16, at 6. And undisputed evidence in the record shows that Deerleader committed the crimes for which he was convicted in Creek County which is located entirely within the historical boundaries of the Muscogee (Creek) Nation Reservation. Doc. 16, at 6-7; Doc. 16-

---

[6] The Court cites *Nowlin* as persuasive authority, consistent with Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

5, at 4.

In sum, as Deerleader contends, because he is Native American and he was an "Indian" within the meaning of federal law in 2015, the State lacked jurisdiction to prosecute him for crimes he committed in Creek County, i.e., in "Indian country," in 2015. The judgment and sentence entered against him in the District Court of Creek County, Case No. CF-2016-319, is thus invalid and Deerleader is in state custody in violation of the Constitution and federal law. The Court therefore finds that petitioner is entitled to federal habeas relief as to claim four.

**IV.**

Having determined that Deerleader is entitled to federal habeas relief on claim four, the only matter left to consider is the appropriate remedy. "Federal courts are authorized under 28 U.S.C. § 2243 to 'dispose of [a habeas corpus petition] as law and justice require'" and thus have "broad discretion to craft appropriate habeas relief." *Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012); *see also Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court 'possesses power to grant *any form of relief necessary* to satisfy the requirement of justice'" (emphasis in original) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969))).

As just discussed, Deerleader's judgment and sentence, in the District Court of Creek County, Case No. CF-2016-319, is invalid because the State of Oklahoma lacked jurisdiction to prosecute him for crimes he committed in "Indian country." Because the State cannot correct this error through further proceedings, the Court finds that the appropriate remedy is to grant the petition for writ of habeas corpus, as to claim four, and issue an unconditional writ setting aside the invalid judgment and sentence, barring retrial in state court on the underlying charges, and directing Respondent to immediately release Deerleader from state custody. *See Capps v. Sullivan*, 13 F.3d 350, 352 (10th Cir. 1993) (noting that the decision to grant a writ of habeas corpus "does

not generally bar a retrial of the petitioner on the charges underlying his defective conviction" but recognizing that "barring a new trial is a permissible form of judgment" and, in some cases, "is necessary to protect the purpose of habeas corpus jurisdiction when the error forming the basis for the relief cannot be corrected in further proceedings"); *see also* Brian R. Means, *Federal Habeas Manual* § 13:10 (2020) (citing *Solem v. Bartlett*, 465 U.S. 463 (1984), for the proposition that "[a] petitioner in custody pursuant to a judgment issued by a court that lacked jurisdiction over him is entitled to the issuance of an unconditional writ").

Respondent appears to agree that Deerleader should be released from state custody. Nonetheless, Respondent requests that the Court "stay its grant of relief for a period of thirty (30) days to allow the Muscogee (Creek) Nation authorities to take custody of [Deerleader] if they so choose." Doc. 16, at 7. The United States Supreme Court "has repeatedly stated that federal courts may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court." *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) (citing *Rogers v. Richmond*, 365 U.S. 534, 549 (1961); *Dowd v. United States ex rel. Cook*, 340 U.S. 206, 210 (1951); *In re Bonner*, 151 U.S. 242, 261-62 (1894)). But *Hilton* contemplates delayed release where the State can correct a defective conviction through a retrial or further proceedings. Here, the State can only correct its unlawful prosecution of Deerleader by releasing him from state custody because he is incarcerated pursuant to judgment and sentence that was obtained without jurisdiction. Respondent cites no legal authority that would permit the State to continue holding Deerleader in state custody when his judgment and sentence is invalid and he is not subject to retrial in state court on the underlying charges.

Furthermore, regardless of whether tribal or federal authorities may "choose" to take custody of Deerleader sometime in the future, Respondent has not provided this Court with any

evidence that either the Muscogee (Creek) Nation or the federal government has lodged a valid detainer with the Oklahoma Department of Corrections that might otherwise justify Respondent's request to hold Deerleader for 30 days while those authorities ponder that decision. As a result, the Court denies Respondent's request to "stay its grant of [habeas] relief" for 30 days.

**V.**

Based on the foregoing, the Court concludes that the judgment and sentence entered against Deerleader in the District Court of Creek County, Case No. CF-2016-319, is invalid because the State lacked jurisdiction to prosecute Deerleader for crimes he committed within the boundaries of the Muscogee (Creek) Nation Reservation. The Court therefore grants the petition for writ of habeas corpus, in part, as to claim four, and issues an unconditional writ setting aside the invalid judgment and sentence entered against Deerleader in the District Court of Creek County, Case No. CF-2016-319, barring retrial in state court on the underlying charges in that case, and directing Respondent to immediately release Deerleader from state custody. Lastly, because Deerleader's remaining habeas claims are moot in light of the relief he is entitled to on claim four, the Court dismisses the petition, in part, as to claims one, two, three, five and six.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The petition for writ of habeas corpus (Doc. 1) is **granted, in part**, as to claim four, and **dismissed, in part**, as to claims one, two, three, five and six.
2. The judgment and sentence, entered against Deerleader in the District Court of Creek County, Case No. CF-2016-319, **is invalid and is hereby set aside**, and any retrial in state court on the underlying charges in that case is **barred**, because the State lacked jurisdiction to prosecute Deerleader for crimes he committed within the boundaries of the Muscogee (Creek) Nation Reservation.

3. Respondent's request to "stay" the grant of habeas relief for 30 days is **denied**.

4. Respondent shall **immediately release** Deerleader from state custody.

5. No later than 14 days after the entry of this opinion and order, counsel for Respondent shall **file written notice** of compliance with the writ.

6. A separate judgment shall be entered in this matter.

ORDERED this 15th day of January, 2021.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT